IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM G. GALLO (BOP Register No. 32620-177), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:14-cv-4537-M-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner William G. Gallo, a federal prisoner, proceeding *pro se*, has moved for habeas relief under 28 U.S.C. § 2241. This action has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned enters the following findings of fact, conclusions of law, and recommendation that, to the extent that Gallo is challenging action by the Federal Bureau of Prisons ("BOP"), because he has failed to exhaust administrative remedies, the Court should dismiss his habeas petition.

**Applicable Background**

After pleading guilty in this Court to conspiracy to distribute cocaine, marijuana, and methamphetamine, Gallo was sentenced to 168 months' imprisonment. Prior to the federal indictment, but after his parole from a state-sexual-assault sentence in 1999, an immigration judge ordered Gallo, a Cuban citizen, removed from the United

State. And in 2001, he was released from Immigration and Customs Enforcement ("ICE") custody to an order of supervision. It was not clear whether ICE currently had detainers lodged against Gallo at the time the United States filed a response to this habeas petition.

But the removal of any detainers appears to be at least part of the relief Gallo seeks through his petition. *See* Dkt. No. 1 at 2 ("Relief sought … is that Respondent be ordered to grant a hearing by I.N.S. for removal of detainer and that [BOP] be ordered to remove such record of detainer from Petitioner file upon Immigration detainer removal....").

## Legal Standards and Analysis

Regardless whether Gallo is challenging actions taken by BOP or by ICE, the person having custody of Gallo – not the United States – is the proper respondent here. *See* 28 U.S.C. §§ 2242 & 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-36 (2004); *see also Alafyouny v. Chertoff*, No. 3:06-cv-0204-M, 2006 WL 1581959, at *5 n.4 (N.D. Tex. May 19, 2006) ("Petitioner names several individuals connected to various federal immigration agencies as respondents. However, it appears that, as petitioner's immediate custodian, the Warden of the Rolling Plains Regional Detention facility is the only proper respondent." (citations omitted)); *but see, e.g., Castillo-Hernandez v. Longshore*, 6 F. Supp. 3d 1198 (D. Colo. 2013) (answering a question reserved by the United States Supreme Court in *Padilla* – whether special circumstances can justify exceptions to the immediate custodian rule – and holding that that rule does not apply to a detainee's "challenge to the immigration authorities' interpretation of a statute

that could accord him a form of discretionary relief").

One interpretation of Gallo's petition is that he seeks this Court's review of his order of removal. But "[t]he REAL ID Act, Pub.L. No. 109-13, 119, Stat. 231, (codified at, *inter alia*, 8 U.S.C. § 1252), divests all federal district courts of jurisdiction over challenges to final orders of removal." *Seale v. Thaler*, Civ. A. No. H-13-1451, 2013 WL 6835155, at *1 (S.D. Tex. Dec. 26, 2013) (citing *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005)); *accord Moreno v. Dixon*, 558 F. App'x 403, 404 (5th Cir. 2014) (per curiam).

A second, more plausible, interpretation of the petition is that Gallo is challenging action or inaction by BOP. *See* Dkt. No. 11 (Gallo's reply, discussing generally why he need not exhaust applicable administrative remedies); *see also, e.g., id.* at 11 ("As of Feb. 12, 2015, I.C.E. has removed a [ ] detainer, and has informed the B.O.P. as stated by the Government. The B.O.P. has to [comply] with its program statement to [prepare] documents for pre-release placement for Petitioner or that such be 'ordered' by the District Court.").

Accepting this interpretation, because at the time Gallo filed his Section 2241 petition, he was incarcerated at FCI Big Spring, located in Howard County, Texas, within the Northern District of Texas, *see* 28 U.S.C. § 124(a)(3), his subsequent transfer to a BOP facility outside this district does not deprive the Court of jurisdiction over the habeas petition, *see Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." (collecting

cases)).

Nevertheless, the Court should dismiss Gallo's petition because, before a Section 2241 proceeding may be filed in a federal district court, an inmate must properly exhaust available administrative remedies, which means that a federal prisoner seeking relief under Section 2241 "'must first exhaust his administrative remedies through the Bureau of Prisons.'" *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir.1990); citation omitted).

Gallo does not dispute the government's position that he failed to file an administrative remedy request, *compare* Dkt. No. 5 at 4-5, *with* Dkt. No. 11, and he contends merely that BOP "administrative remedies are flaw[ed]" and that "the petition at hand is a matter that such remedies [are] not required," Dkt. No. 11 at 1.

While "exhaustion of administrative remedies is not required where they are 'unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action,'" "[e]xceptions to the exhaustion requirement apply only in extraordinary circumstances, and it is [Gallo's] burden to demonstrate the futility of administrative review." *Overshown v. Upton*, 466 F. App'x 361, 361 (5th Cir. 2012) (per curiam) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). Gallo has not carried that burden, however, because "he has not demonstrated that properly exhausting those remedies would have been an exercise in futility." *Id.* at 361-62.

## Recommendation

The Court should dismiss the 28 U.S.C. § 2241 habeas petition, because

administrative remedies were not exhausted prior to filing.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 30, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE